478

SPARTY J. NARDONE, A/K/A SPARTICUS JOHN NARDONE, PLAINTIFF, v. LUCILLE NARDONE, A/K/A LUCIA ANN NARDONE, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 10, 1975.

*Mr. Charles B. Thatcher, Jr.,* for plaintiff.

McKenzie, J. C. C., Temporarily Assigned. The parties were married July 2, 1949. In June 1971 defendant wife advised plaintiff husband that she was involved in an adulterous relationship with the co-respondent. The relationship continued until June 1972, when plaintiff joined defendant in inviting the co-respondent to reside with them. The co-respondent and defendant occupied the master bedroom while plaintiff slept in another bedroom in the house. About January 1974 plaintiff moved from the marital home to Pennsylvania after accepting employment in that state. At no time did plaintiff object to the relationship between defendant and the co-respondent, and in fact it is clear that he consented to it impliedly, if not expressly.

Is plaintiff entitled to a judgment for divorce on the grounds of adultery based on the above circumstances?

The 1971 revision of our Divorce Law was based primarily on the present-day concept that the viability of the marriage, rather than the assessment of fault, should be the principal factor to be considered in determining whether a marriage should be dissolved. See Divorce Law Study Commission, *Final Report to the Governor and Legislature* (1970) at 6–8. Accordingly, in addition to the introduction of the nonfault ground for divorce based on separation (*N. J. S. A.* 2A:34–2(d)), the Legislature abolished the defenses of condonation, recrimination and unclean hands in divorce cases. *N. J. S. A.* 2A:34–7.

Previously, connivance in or consent to the adulterous conduct of the wife was a bar to the right of the husband to obtain a divorce on adultery grounds. This rule was grounded on the premise that it was the duty of a husband "to protect his wife's fair name, and to see that she was not improperly

led into temptation." *Atha v. Atha,* 94 *N. J. Eq.* 692 (Ch. 1923); aff'd 95 *N. J. Eq.* 275 (E. & A. 1923). A husband who failed to perform his duty to so protect his wife was held to have unclean hands, barring him from the relief to which he would otherwise be entitled. See *Bingenheimer v. Bingenheimer,* 2 *N. J.* 284 (1949).

■■ In abolishing the unclean hands doctrine, the Legislature has adopted the view that to withhold relief in such circumstances is simply the infliction of punishment by the State. *Final Report to the Governor and Legislature, supra* at 6. Clearly the marriage is not "less dead" because the husband does not object to the wife's adultery. *Volenti non fit injuria* is now substantially inapplicable in the field of divorce law.

Plaintiff is granted a judgment for divorce.